# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SPORTSGEAR OUTDOOR PRODUCTS, LLC, d/b/a ATHLON OPTICS, ) ) ) Plaintiff, ) ) v. ) ) JASON LEONARD, ) ) Defendant. ) | No. 4:19-cv-00267-DGK |

## ORDER DENYING MOTION FOR CIVIL SEIZURE AND TEMPORARY RESTRAINING ORDER

Before the Court is Plaintiff Sportsgear Outdoor Products, LLC, d/b/a Athlon Optic's ex parte motion for civil seizure and temporary restraining order (Doc. 6). Plaintiff asks the Court to order the seizure, by force if necessary, of a computer that Defendant Jason Leonard, an ex-employee, allegedly used to access and store Plaintiff's proprietary customer information. Plaintiff also requests that the Court restrain Defendant from using or publicizing any of this information. Because Plaintiff has not met its burden of justifying the issuance of such an emergency order, the motion is DENIED.

A court may issue a temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b); *see also Planned Parenthood Ark. & E. Okla. v. Selig*, No. 4:15-cv-00566-KGB, 2015 WL 13307030, at *3 (E.D. Ark. Sept. 18, 2015) ("[A] lack of irreparable harm is sufficient ground for denying a temporary restraining order." (citing *Aswegan v. Henry*, 981 F.2d 313, 314 (8th Cir. 1992)). A temporary restraining order "is an 'extraordinary

and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *North Dakota v. U.S. Army Corps of Eng'rs*, 264 F. Supp. 2d 871, 878 (N.D. 2003) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). Civil seizure orders issued under the Defend Trade Secrets Act likewise require a showing of irreparable harm. 18 U.S.C. § 1836 (b)(2)(A)(ii)(II).

Plaintiff has not demonstrated that an ex parte civil seizure or temporary restraining order is warranted. Plaintiff asserts that it will suffer irreparable harm absent immediate injunctive relief because Defendant has used the downloaded data to contact Plaintiff's customers "in an attempt to damage [Plaintiff]." Plaintiff claims that it will suffer a loss of customer goodwill as a result. However, these arguments are conclusory and lack the "specific facts" required for the Court to properly assess the situation. *See Rogers Grp., Inc. v. City of Fayetteville, Ark.*, 629 F.3d 784, 790 (8th Cir. 2010) ("While a district court may choose to require more than a loss of goodwill to demonstrate irreparable harm, the district court ultimately has discretion to determine whether an alleged harm requires more substantial proof." (internal quotation and citation omitted)).

Accordingly, the Court DENIES Plaintiff's motion for civil seizure and temporary restraining order (Doc. 6). After Plaintiff has served Defendant with its complaint, Plaintiff can contact the Court to schedule a hearing as soon as practicable on the issuance of a preliminary injunction.

**IT IS SO ORDERED.**

Date: April 8, 2019                                   /s/ Greg Kays
                                                                                                       GREG KAYS, JUDGE
                                                                                                       UNITED STATES DISTRICT COURT